**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MIREYA ARCOS, on behalf of herself** **and other persons similarly situated,** | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Case No.** |
| **1000 LIQUOR'S INC., AND JOHN PLEWA,** **individually,** | ) ) ) | |
| **Defendants.** | ) ) | |

## COMPLAINT

Plaintiff Mireya Arcos, through her attorneys, on behalf of herself and other persons similarly situated for their Complaint against Defendants 1000 Liquor's, Inc., and John Plewa, individually, states as follows:

## INTRODUCTION

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for: 1) Defendants' failure to pay Plaintiff the statutorily required overtime wages for all time worked in excess of forty (40) hours in a given workweek in violation of the FLSA and the IMWL, and 2) for Defendants paying Plaintiff less than the Illinois minimum wage rate for hours worked in violation of the IMWL, and 3) for Defendants' practice of taking unlawful deductions from Plaintiff's wages, in violation of the IWPCA. For the claims arising under the FLSA, the Plaintiff brings this suit as a collective action pursuant to Section 216(b) of the FLSA.

1

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over the Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district because Defendants' place of business is located within this judicial district and the events giving rise to the claims occurred in this judicial district.

**PARTIES**

4.      Plaintiff Arcos resides in and is domiciled within this judicial district. For the last six years, Plaintiff was employed by Defendants, or a predecessor, as a cashier of the establishment known as 1000 Liquor's, Inc.

5.      At all material times, Plaintiff Arcos was employed by Defendants as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS 115/1 et seq.

6.      At all relevant times, Defendant 1000 Liquor's, Inc. ("1000 Liquor's ") has been an Illinois corporation doing business in the state of Illinois. On information and belief, 1000 Liquor's is owned and operated by John Plewa ("Plewa").

7.      Defendant Plewa owns and/or is otherwise involved in the operations of 1000 Liquor's. At all material times, Defendant Plewa was acting directly or indirectly in the interest of the employer in relation to the Plaintiff (and as to other similarly situated employees), and as defined under both federal and state law, as an "employer" under Section 203(d) of the FLSA, 29 U.S.C. § 203(d) and subject to the provisions of Section 7 of the FLSA, 29 U.S.C. §207, and within the

meaning of the IMWL, 820 ILCS § 105/3c.

8.     Within the relevant time period, Defendant Plewa had the authority to hire and fire and/or to direct and supervise the work of Plaintiff and other similarly situated employees. This authority included, but is not limited to, authorizing payment of wages to Plaintiff and other similarly situated employees, signing checks on behalf of 1000 Liquor's, issuing payroll, and participating in decisions regarding the operation of the business and its employment policies and practices.

9.     Within the relevant period of time, Defendant 1000 Liquor's employed more than two persons, including Plaintiff, who handled goods moved in interstate commerce. Defendant 1000 Liquor's is an "enterprise" as defined by 3(r)(l) of the FLSA, 29 U.S.C. §203(r)(l), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §203(s)(1)(A). Within the last three years, on information and belief, Defendant 1000 Liquor's 's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise tax.

## FACTUAL BACKGROUND

10.     Since its inception, Defendant Plewa jointly owned or operated 1000 Liquor's, which is currently located at 1000 W. Belmont, Chicago, IL 60657.

11.     Since approximately 2009, Plaintiff Arcos was employed by Defendants or a predecessor of Defendants.

12.     Within the three (3) years prior to Plaintiff's filing this Complaint, Defendants regularly and customarily required the Plaintiff and other similarly situated employees to work in excess of forty (40) hours in individual workweeks, but did not compensate them at one and a half times their regular rate of pay for time worked in excess of forty (40) hours in the individual work

3

weeks.

13.     At all relevant times, the Defendants had a policy and practice of failing to pay proper overtime compensation to the Plaintiff for all hours worked for the Defendants, and by paying the Plaintiff less than minimum wage. For example, Plaintiff was regularly scheduled to work for Defendants for more than forty (40) hours per week; however, Plaintiff was given a set salary, bi-weekly, without time and a half for the hours over forty (40) per week, resulting in the Plaintiff receiving less than the minimum wage.

14.     At all relevant times, Defendants have directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but failed to compensate these individuals at time and a half their regular rate of pay for all time worked in excess of forty (40) hours in those workweeks.

15.     Defendants' failure to compensate Plaintiff and other similarly situated employees at time and a half their regular rate for work in excess of forty (40) hours in individual work weeks results in violations of the overtime requirements of the FLSA and the IMWL.

16.     During the relevant time period, Defendants also had a practice of making unlawful deductions from Plaintiff and other similarly situated employees' wages. For example, when the employer was charged with a fine from an administrative agency, the Defendants deducted that fine from its employees' wages, including the Plaintiff's wages.

17.     Defendants also maintain and enforce discipline policies which inflict various amounts of fines resulting in illegal deductions to the Plaintiff's compensation.

18.     At all relevant times Defendants have likewise imposed fines and made illegal deductions from other similarly situated employees, per the employment policies.

4

19.     During the relevant period, Defendants practice of paying a set salary did not compensate Plaintiff at the minimum wage set in Illinois pursuant to the IMWL.

## COUNT I

### Violation of the FLSA - Overtime Wages
### Plaintiffs on behalf of themselves and other similarly situated employees
### Section 216(b) Collective Action

20.     Plaintiff incorporates and re-allege paragraphs one through nineteen (1-19) of this Complaint as though set forth herein.

21.     This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 201 *et seq.*, and for Defendants' failure to pay Plaintiff and similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks and failure to compensate Plaintiff and similarly situated employees for all hours they suffered or were permitted to work in a given workweek.

22.     Defendants directed Plaintiff to work, and Plaintiff, in fact, did work in excess of forty (40) hours in individual work weeks.

23.     Other similarly situated employees were likewise directed to work by Defendants and, in fact, did work in excess of forty (40) hours in individual work weeks.

24.     Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

25.     Plaintiff and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

26.     Defendants did not pay Plaintiff and other similarly situated employees overtime

5

wages for all time worked in excess of forty (40) hours in individual work weeks.

27.    Defendants' failure to pay Plaintiff and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

28.    Plaintiffs and other similarly situated employees are entitled to recover unpaid overtime wages and unpaid wages for all hours which they suffered or were permitted to work for up to three (3) years prior to the filing of this lawsuit because Defendants' failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

WHEREFORE, Plaintiff and all other members of the collective action pray for a judgment against Defendants as follows:

A.    That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. Plaintiff's consent is attached hereto as Exhibit A.

B.    A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks and all wages owed to Plaintiff and similarly situated employees for hours they suffered or were permitted to work without compensation;

C.    Liquidated damages in the amount equal to the unpaid overtime wages;

D.    That the Court declare that Defendants violated the FLSA;

E.    That the Court enjoin Defendants from violating the FLSA;

F.    Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT II

### Violation of the IMWL - Overtime and Minimum Wages

29.     Plaintiff incorporates and re-allege paragraphs one through twenty-eight (1-28) of this Complaint as though set forth herein.

30.     This Count arises from Defendants' violation of the IMWL for the Defendants' failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks and failure to compensate Plaintiff for all hours they suffered or were permitted to work in a given workweek.

31.     Defendants directed Plaintiff to work, and the Plaintiff did work, in excess of forty (40) hours in individual work weeks.

32.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times her regular rate for all time worked in excess of forty (40) hours in individual work weeks.

33.     Defendants did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

34.     Defendants directed Plaintiff to work, and Plaintiff, did work for periods where she was compensated at less than the minimum wage.

35.     Plaintiff is entitled to be paid for all time suffered or permitted to work in an individual workweek at the minimum wage rate.

36.     Defendants did not pay Plaintiff and other similarly situated employees for all the time suffered or permitted to work in individual workweeks.

37.     Defendants' failure to pay Plaintiff for all hours she suffered or was permitted to work

7

was a violation of the IMWL.

38.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid regular and overtime wages for three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      A judgment in the amount of unpaid overtime wages for all time Plaintiff worked in excess of forty (40) hours in individual work weeks and all wages owed to Plaintiff for all hours she suffered or was permitted to work without payment at the minimum wage rate as provided by the IMWL;

B.      Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      That the Court declare that Defendants have violated the IMWL;

D.      That the Court enjoin Defendants from continuing to violate the IMWL;

E.      Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

F.      Such other and further relief as this Court deems appropriate and just.

## COUNT III

### Violation of the IWPCA - Unlawful Deductions From Plaintiff's Pay

39.     Plaintiff hereby incorporates and re-allege paragraphs one through thirty-eight (1-38) of this Complaint, as though set forth herein.

40.     This Count arises from Defendants' practice of making unlawful deductions from the Plaintiff's earned wages which are violations of the IWPCA, 820 ILCS 115/9.

41.     During the course of her employment with the Defendants, Plaintiff had agreements within the meaning of the IWPCA to be compensated for all hours worked at a rate agreed to by the parties.

8

42.    Defendants had a practice of making unlawful deductions from the Plaintiff's earned wages without authorization from the Plaintiff in writing as required by the IWPCA. Contrary to the IWPCA, the Defendants' deductions were: (a) not required by law; (b) not to Plaintiff's benefit; (c) not in response to a valid wage assignment or wage deduction order; and (d) not made with the express written consent of the Plaintiff, given freely at the time the deductions were made.

43.    Defendants' practice of making unlawful deductions from Plaintiff's earned wages violated the IWPCA.

44.    Plaintiff is entitled to recover all the unlawful deductions made from her earned wages for a period of ten (10) years prior to the filing of this lawsuit.

45.    Defendants 1000 Liquor's and Plewa had knowledge of the facts giving rise to the violations of the IWPCA, permitting this conduct as well as designing and implementing policies that are the cause of the alleged violations.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.    A judgment in the amount of all unpaid wages due Plaintiff, as provided by the IWPCA;

C.    Statutory damages as provided by the IWPCA;

D.    That the Court declare that the Defendants violated the IWPCA;

E.    That the Court enjoin Defendants from violating the IWPCA;

F.    That the individually named Defendant be held personally liable;

G.    Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

H.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Attorneys for Plaintiff

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
Allison, Slutsky & Kennedy, P.C.
230 W. Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400
Fax: (312) 364-9410

August 16, 2016

10